[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court in an action for a dissolution of marriage and such other claims for relief that are on file. It was tried as a fully contested matter before the Regional Family Trial Docket. Near the conclusion of the evidence, the parties entered into an agreement which addressed all of the issues regarding custody and visitation. At the conclusion of the evidence but before the entry of the judgment, the CT Page 13576 parties jointly filed a bankruptcy petition. On September 26, 2000 relief from stay was granted by the Bankruptcy court. The parties have filed updated financial affidavits reflecting changes since the close of evidence in July, 2000.
The court finds that it has jurisdiction over the marriage. One party has resided in Connecticut more than one year prior to the bringing of this action. The parties were married on October 11, 1990. One minor children has been born to the wife who is issue of this marriage: Angelica Cierniewski, born June 22, 1995. No other minor children have been born to the wife since the date of the marriage. The parties have not been recipients of public assistance. The court finds that the marriage has broken down irretrievably and there is no reasonable hope of its reconciliation.
The wife is 29 years old. She is in good health. The only medication she takes is Claritin for allergies. They are not debilitating. The wife is currently enrolled in college. She is working toward an Associates degree in business administration. She carries a full load each semester. She expects to have her degree in the year. Her grade point average is excellent. She was born in Poland and was here on a visitor's visa when she met her husband. She was 19 years old at the time. They married about one month after meeting. The wife has worked during the marriage, although she is a student presently. Her work has largely been in banking, performing teller services. She has also worked in a dentist office, offering business services. Her income in 1997 was about $16,000.00. She has not been in the workforce since then. She hopes to earn a substantially better income as a result of the degree she will be attaining. Her COBRA insurance coverage through her husband's employer will cost her about $175.00 per month with an additional $20 monthly if she picks up dental coverage.
The husband is 41 years old. He is in good health. He had been seeing a counselor who had prescribed him Prozac and then other similar medication. He no longer takes medication and is no longer seeing a counselor. He has a high school diploma. He has been employed at Textron for more than 21 years as a tool maker. During the time of his employment there have been periods where more or less overtime has been available. There is no overtime presently available to him. Therefore, his financial affidavit reflects his current earnings accurately. He has a pension with Textron. No evidence was presented to the court as to its value. A stream of cash valuation was given in the nature of the reporting that based upon earnings to date, Mr. Cierniewski will receive $711 per month from the pension upon his retirement. No actuarial calculation was provided to the court as to its present value based on that figure, the husband's age and any assumed rate of return; therefore, the court can not make a CT Page 13577 valuation determination of the present value of the asset beyond the information given.
One year after marrying the parties bought a home at 89 Cianci Road in New Britain. They paid $89,000 for it, utilizing $50,000 from the husband's savings he had accumulated prior to the marriage. They also used $20,000 gifted from his parents and $13,000 gifted from her parents to finance substantial improvements and pay down the mortgage overtime. Approximately $135,000 worth of improvements were put into the property. The property has a present value of $85,000. It has a mortgage with a balance of about $4,600. The husband has been very aggressive about paying down the mortgage, which has resulted in its current position close to pay off.
However, during the time of the marriage, the parties accumulated significant debt in other areas that resulted in the bankruptcy filing. As the marriage deteriorated between the parties, so did their trust of each other. Among other things, they each started hiding their mail from each other, the husband broke the joint tenancy by a straw transfer, and the wife spent and hid money without discussing it with her husband. Neither of their conduct was exemplary.
There are investment funds in a custodial account for the minor child in the amount of $17,152.
Each party has the vehicle they drive and the court accepts the value at the asset value put on the respective financial affidavits of the parties. The bank accounts of the parties only contain nominal amounts.
The husband currently has two term policies which cost him three dollars a week. He is, by their being in effect an insurable risk at a cost that the court finds to be reasonable. The wife currently has two life policies which cost her five dollars a week. She is by their being in effect an insurable risk at a cost that the court finds to be reasonable.
During the pendency of this action, the wife violated the automatic orders by misappropriating two income tax refund checks to her own purposes. They were the 1998 refund check of $2,139 and the 1999 refund check in the amount of $4,046.
The wife has jewelry purchased during the marriage which the court finds has a value of no less than $4,000.00, based upon the evidence presented at trial.
The custody and visitation agreement provides that the parties share CT Page 13578 joint legal custody and the minor child's residence is with her mother, subject to the visitation access schedule provided in the terms of the agreement for the father.
The parties agree that the minor child should attend the Holy Cross parochial school and that, irrespective of any other orders entered by the court, including child support, they shall equally split the payment of the parochial school tuition bill.
This matter was initially tried as a fully contested custody case. The cross allegations need not repeated here inasmuch as the court finds that the agreement that the parties ultimately entered into is in the best interest of the minor child. Some of the conduct described by each goes to the reasons why the marriage broke down. Neither acted in a an exemplary manner. The court declines to find that either party is at any greater fault than the other for the breakdown of the marriage.
Having carefully considered the statutory criteria for the entry of a dissolution of marriage, orders of custody and visitation, alimony, child support and health insurance and health expenditures, a settlement of the marital estate and the award of counsel fees, the court makes the following orders:
1. Dissolution of marriage
2. Custody and visitation: the court accepts and incorporates by reference in this decision and the judgement as orders of the court the agreement between the parties dated July 11, 2000
3. The father shall pay child support to the mother in the amount of the presumptive child support from the guidelines, being $135.00 per week by immediate wage withholding. He shall be entitled to the dependency exemption if he is current in his child support (see definition in next clause), for years 2000-2005. Thereafter, the dependency exemption shall be alternated (so long as the husband remains current in his support obligation as of December 31 in the year for which he wants to exercise it) with the wife having it for 2006.
4. The father shall maintain health insurance for the minor child as it is available through his place of employment. The mother shall, in accordance with the guidelines, pay the first $100 per year health expenditures not paid by insurance, for the minor, child, commencing in 2001. The rest of the minor child's health expenditures not paid by insurance, and child care expenses for the child so that the mother can go to work, if she chooses to, shall be paid in accordance with the guidelines as follows: 24% by the mother and 76% by the father. CT Page 13579
5. The wife's entitlement to COBRA health insurance benefits shall be at her cost.
6. The husband shall pay the wife periodic alimony in the amount of $200.00 per week until the earlier of either party's death, the wife's remarriage, cohabitation or October 31, 2002. Said alimony is nonmodifiable as to term. Any arrearages that may exist on pendente lite spousal support shall be paid in full on or before December 31, 2000.
7. The husband shall transfer to the wife by quit claim deed all of his right, title and interest in and to the property at 89 Cianci Road in New Britain, Connecticut within 30 days.
8. The wife shall pay to the husband $48,000 on the occasion of the earliest of the following events: her remarriage, cohabitation, death, failure to reside primarily at 89 Cianci Road, New Britain, her sale of those premises, or January 1, 2006. This sum shall bear interest at 5% per annum commencing the date of the filing of this decision. If the wife is in default of the payment interest shall be due at the rate of 10 % from the due date until payment in full. The wife shall execute a promissory note and mortgage in a form substantially in compliance with the FNMA forms for residential property within 30 days.
9. The Wife is the owner of 25% of the Husband's Textron pension valued as of June 30, 2000 and is named the alternate payee of that portion of his pension interest. A Qualified Domestic Relations Order enters to secure that payment. The court retains jurisdiction over the QDRO for purposes of its effectuation in accordance with these orders.
10. The parties shall each pay one half of the tuition and fees for the Holy Cross Parochial School.
11. The wife shall maintain the life insurance that she currently has for the benefit of the minor child.
12. The husband shall maintain the life insurance he currently has for the benefit of the minor child.
13. Each party shall retain their personal bank accounts, the autos they drive and their miscellaneous personal effects as their own possessions free and clear of claims of the other.
14. The household furnishings shall belong to the wife.
15. The expired Putnam check of $4900, if it is still an asset of the CT Page 13580 marriage, upon reissuance is the sole property of the husband, free and clear of any claim of the wife.
16. Any remaining counsel fees due to the child's counsel shall be paid one third by the mother and two thirds by the father.
17. The child's funds being considered separately shall be held in an account for her and expended only for her benefit.
18. Each of the parties shall execute all necessary documents for the effectuation of these orders upon the presentation of the same to them.
So ordered.
Munro, J.